USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-6-15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NELSON MARTINEZ,                                     :
                                                    :
                              Movant,               :          **REPORT AND**
                                                    :          **RECOMMENDATION**
                   - against -                      :
                                                    :          **13-CV-9104 (JSR)(RLE)**
UNITED STATES OF AMERICA,                            :
                                                    :
                              Respondent.            :

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

### I. INTRODUCTION

*Pro se* Plaintiff Nelson Martinez commenced this action on December 18, 2013, under 28

U.S.C. § 2255, challenging the legality of his sentence entered in *United States v. Martinez*,

04-CR-0048 (JSR) (S.D.N.Y. Dec. 8, 2009). (Doc. No. 1) This matter was referred to the

undersigned by the Honorable Jed S. Rakoff on January 13, 2014. (Doc. No. 3) On January 28,

2014, the Court directed Martinez to file an affirmation showing cause why his § 2255 Motion

should not be dismissed as time-barred. The Court informed Martinez that if the affirmation

alleged a colorable claim of timeliness, the Court would order that his motion be served on

Respondent United States. Martinez filed his affirmation on March 28, 2015. (Doc. No. 21) For

the following reasons, I respectfully recommend that Martinez's Motion be **DISMISSED** as

time-barred.

### II. BACKGROUND

On June 28, 2007, Martinez was convicted of conspiracy to distribute and possess with

intent to distribute crack cocaine, *see* 21 U.S.C. § 846, and sentenced to a term of 360 months'

imprisonment. *See United States v. Martinez*, 04-CR-0048 (JSR), 476 F.Supp.2d 330 (S.D.N.Y.

June 28, 2007). Martinez filed a direct appeal, and the Court of Appeals for the Second Circuit

affirmed his conviction and remanded for resentencing in accordance with *Kimbrough v. United States*, 552

U.S. 85 (2007). *See United States v. Martinez*, No. 07-1589-CR (2d Cir. Apr. 17, 2009). The Court of Appeals did not address Martinez's arguments regarding the validity of his sentence, reasoning that "such arguments may become moot following resentencing, and may be raised in a subsequent appeal following entry of final judgments." *Id.* at 10. Martinez was resentenced to a term of 324 months by order dated December 4, 2009. *See United States v. Martinez*, 04-CR-0048 (JSR) (S.D.N.Y. Dec. 8, 2009). The Court of Appeals upheld that sentence on appeal on May 5, 2011, and remanded to allow the Court to enter an amended judgment consistent with its oral ruling and memorialize its stated reasons for imposing a sentence below the 360-month to life Sentencing Guidelines range. *United States v. Mitchell*, 421 F. App'x 102, 103 (2d Cir. 2011). The Honorable Jed S. Rakoff entered the amended judgment on December 28, 2012. *See Martinez*, No. 04-CR-48. This § 2255 Motion was filed on December 18, 2013. (No. 13-CV-9104, Doc. No. 1)

## III. DISCUSSION

A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). If an appellant does not petition the United States Supreme Court for a writ of *certiorari*, his judgment of conviction becomes final when the ninety-day period for filing such a petition expires. *Clay v.*

2

*United States*, 537 U.S. 522 (2003).

Martinez argues that the relevant date for determining when his conviction became final is December 28, 2012; the date the amended judgment was entered. (Doc. No. 6) Starting from December 28, 2012, and adding a "14 day grace period . . . because he did not avail himself of an appeal," Martinez calculates that his one-year filing time concluded on January 11, 2014. (*Id.*) Because Martinez' motion is dated December 12, 2013, and the Court received it on December 18, 2013, he asserts that his motion was timely filed. (*Id.*)

The procedural structure that Martinez discusses in his affidavit appears to be derived from the Federal Rule of Criminal Procedure which dictates the timeline for filing notices of appeal in criminal cases. *See* Fed. R. Crim. P. 4(b) This rule, while relevant to the determination of whether an appeal has been timely filed, does not determine when a conviction becomes final for the purposes of a § 2255 Motion. This Circuit held in *Burrell v. United States* that the finality of a criminal judgment which has been affirmed on appeal and remanded, "turns on whether [the] remand was strictly ministerial in that it required a routine, nondiscretionary act by the district court that could not have been appealed on any valid ground, or whether our mandate left the district court the authority on remand to entertain the new arguments." 467 F.3d 160, 161 (2d Cir. 2006). The Court also noted that "a judgment becomes final for purposes of § 2255 'when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 164 (quoting *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005))

In the Martinez decision, the Second Circuit remanded the case "so that the district court may . . . enter an amended judgment in each defendant's case that is consistent with its oral judgment and . . . satisfy its *ministerial* duty to memorialize its stated reasons for imposing a

3

non-Guidelines sentence as to each defendant . . ." *Mitchell*, 421 F. App'x at 103 (emphasis added). As made explicit by the Court, the remand was "strictly ministerial" in that it only required a routine and nondiscretionary act by this Court which did not involve any exercise of authority to entertain new arguments. *Burrell*, 467 F.3d at 161. Thus, Martinez's conviction became final ninety days after the Second Circuit affirmed his sentence, when the period for bringing a petition for writ of *certiorari* to the United States Supreme Court expired. *Clay*, 537 U.S. 522; *see Gil v. United States*, No. 10-CV-8907 (CM), 2010 WL 5298848 at *1 (S.D.N.Y. Dec. 21, 2010) (finding § 2255 petitioner's conviction final ninety-days from date of affirmation by Second Circuit). Martinez was required to file his motion by August 3, 2012; ninety-days plus one year past the date his conviction became final. Because Martinez's commenced this action after that date, on December 18, 2013, the Court finds that his motion is time-barred.

## IV.  CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff Martinez's § 2255

Motion be **DISMISSED** as time-barred.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen

(14) days after being served with a copy of the recommended disposition to file written

objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of

the Court and served on all adversaries, with extra copies delivered to the chambers of the

Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, NY 10007 and to the

chambers of the undersigned, 500 Pearl Street, Room 1970, New York, NY 10007.  Failure to

file timely objections shall constitute a waiver of those objections both in the District Court and

on later appeal to the U.S. Court of Appeals.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),

6(d); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (per curiam).


**DATED: May 6, 2015**
**New York, New York**

                                   **Respectfully Submitted,**

                                   _____
                                   **The Honorable Ronald L. Ellis**
                                   **United States Magistrate Judge**